**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) No.: 09 CR 01058-1 |
| | ) Honorable Matthew F. Kennelly |
| **ROGELIO BARAJAS,** | ) |
| | ) |
| **Defendant.** | ) |

<u>DEFENDANT ROGELIO BARAJAS' SENTENCING POSITION PAPER</u>

The Defendant, **ROGELIO BARAJAS**, by and through his attorney, **ROBERT L. RASCIA**, pursuant to Rule 32 of the Federal Rules of Criminal Procedure and <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), respectfully submits this sentencing position paper.

**I.**      <u>Guideline Calculation</u>.

The presentence investigation report calculates the total offense level at 23, and a criminal history category of I.  The advisory guideline sentencing range is 46 to 57 months. The defendant does not dispute this calculation.

**II.**      <u>Sufficient Sentence for This Defendant.</u>

The sentencing guidelines are no longer mandatory, the decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 9 Ct. 738, 160 L. Ed. 2d 621 (2005) has made the guidelines advisory.  <u>Booker</u> requires the sentencing judge to begin the sentencing process by determining the applicable guideline range, but permits the judge, so long as he does not stray outside the statutory range, to sentence the defendant below or above the guideline range if the sentencing factors in the sentencing Reform Act, 18 U.S.C. § 3553(a) warrant.  <u>United States v. Roberson</u>,

1

474 F. 3d 432 (7th Cir. 2007). The defendant acknowledges that the advisory guideline sentence is the presumptively reasonable sentence. <u>United States v. Mykytiuek,</u> 415 F. 3d 606 (7th Cir. 2005).

As a result of <u>Booker</u> and its progeny it is now well settled that sentencing courts are to treat the sentencing guidelines as advisory, viewing them as but one factor to consider in fashioning a sentence that meets the statutory purposes set forth by Congress in 18 U.S.C. § 3553(a). Thus, this court is no longer bound solely by the guidelines, but must consider the factors outlines in § 3553(a).

Pursuant to 18 U.S.C. §3553(a) the court must impose a sentence sufficient but not greater than necessary after considering the factors listed in § 3553(a). The factors include: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentence available and (4) the kinds of sentence and the sentencing range established for the offense. For the reasons outlined below, the defendant asserts that proper consideration of the § 3553(a) factors requires the imposition of a sentence below the advisory guideline range in this case.

In <u>Rita v. United States</u>, 551 U.S. 338, 127 S. Ct. 2456, 168 L.Ed. 2d 203 (2007), the court confirmed that as to the sentencing court, the guideline range is simply one of several factors listed in 18 U.S.C. §3553 that must be considered in arriving at a just sentence, a sentence that is sufficient, but not greater than necessary to meet the traditional purposes of criminal sentences. The district court's job is not to impose a "reasonable" sentence, but to impose a sentence sufficient, but not greater than necessary to comply with the purposes of §3553(a)(2). <u>United States v. Foreman</u>, 436 F.3d 638 (6th Cir. 2006). This language, also referred to as the "parsimony provision" of §3553(a), has become the "guidepost" for

2

sentencing decisions post-<u>Booker</u>.  <u>United States v. Ferguson</u>, 456 F.3d 660 (6th Cir. 2006).  A sentencing judge must make an independent determination of what sentence is sufficient, not greater than necessary, to comply with the purposes of §3553(a), taking into account the advisory guideline range, relevant §3553(a) factors, and any other nonfrivolous arguments presented in support of a particular sentence.  <u>United States v. Wilms</u>, 495 F.3d 277 (6th Cir. 2007).

The defendant entered into a written plea agreement in this matter.  Paragraph 10 of the plea agreement states that the defendant agrees not to seek a sentence outside the guideline range.  The defendant asserts that the minimum guideline sentence is appropriate here for the reasons highlighted below.

### III. <u>Nature of the Offense.</u>

The defendant was charged in a two count indictment, alleging a violation of Title 18 U.S.C. Section, 922 (a) (1) (A) (Count 1) and Title 22 U.S.C., Sections 2778 (b) (2) and (c) (Count 2).  The defendant entered a plea of guilty to count 2, admitting that he exported a .22 caliber handgun and a .22 caliber rifle, to Mexico.

The defendant admitted in the written plea agreement, and acknowledged at the change of plea hearing that he purchased approximately 80 firearms from gun stores in the Chicago, Illinois area.  The defendant lawfully purchased and registered the firearms that he acquired.

The defendant sold some of the weapons to individuals in Mexico.  The defendant did not have a license to deal firearms, and he did not have a license to export the firearms.  The defendant admitted the facts outlined in the plea agreement and continues to accept responsibility for this conduct.

IV.     **Defendant's Personal History.**

The defendant is 43 years old, married, with three minor children. The defendant's children, two from his first marriage, one from his current marriage, live with their mothers in Mexico. Prior to his incarceration in this matter the defendant financially supported his children, had regular visitation with his two older children, and enjoys a strong relationship with all of his children. The defendant lived with his youngest child.

The defendant has a very solid employment history, as reflected in the presentence investigation report. The defendant's most recent employment prior to his incarceration was working on his brother's avocado farm in Mexico. The defendant's longest term employment, Edlong Corporation in Elk Grove Village, Illinois, was for 11 years. The defendant has no substantial gaps in employment, evidencing a solid work ethic and willingness to accept employment at a variety of positions to support his family.

The defendant has lead a law abiding life. The defendant has no prior convictions, the single criminal history point relates to a supervision sentence imposed for a class A misdemeanor offense imposed over 12 years ago. The defendant successfully completed the one year supervision sentence.

The defendant has been in custody since his arrest in this case. This is the defendant's only incarceration, and the jail sentence imposed in this matter will be the only term of incarceration imposed against the defendant. The defendant's lack of prior criminal conduct serves as a significant reason for imposing the minimum guideline sentence.

The defendant has experimented with illegal drugs at various times in his life. The pattern of his usage seems to coincide with the personal difficulties he has faced, in particular the dissolution of his first marriage and separation from the daily contact with his children. The defendant is desirous of participating in a substance abuse treatment program which would likely benefit him.

### V.     <u>Need for the Sentence Imposed.</u>

The advisory guideline sentencing range of imprisonment is 46 to 57 months based on a total offense level of 23 and a criminal history category of I. The parties entered into a written plea agreement wherein they agree not to seek or support, directly or indirectly, any variance from or sentence outside of the applicable guideline range.

The defendant asserts that there are no aggravating facts or circumstances present here that would reasonably warrant a sentence above the minimum guideline sentence of the 46 months. The defendants acknowledgement of guilt, family circumstances, lack of prior criminality and solid employment history are factors that weigh heavily in supporting a minimum guideline sentence. There does not appear to be any useful purpose in imposing a sentence above the guideline minimum, nor are there facts sufficient to do so here.

The defendant acknowledges that a penal sentence can be imposed here, and that a penal sentence will clearly promote respect for the law, punishment for the offense, afford adequate deterrence to future criminal conduct, and protect the public from further crimes by the defendant. All of these goals will be met with a sentence at the minimum advisory guideline range.

The defendant has expressed respect for the law throughout this proceeding, offering no challenge to the charge, pleading guilty to the charge and accepting responsibility for his misdeeds. The length of the sentence imposed will not diminish this respect.

**VI.    Conclusion.**

For the reasons stated above the defendant assert that the minimum guideline sentence should be imposed here.


Respectfully Submitted,


/Robert L. Rascia/January 31, 2011
**ROBERT L. RASCIA, ARDC No. 6184470**
Attorney for the Defendant
Rascia & DeCastro, Ltd.
650 N. Dearborn St. Suite/700
Chicago, IL 60654
312-994-9100 Office
312-994-9105 Fax
rrascia@rascia-decastro.com; Email
ysierra@rascia-decastro.com; Secondary Email

## <u>CERTIFICATE OF SERVICE</u>

      I, Robert L. Rascia deposes and states that I have served a copy of the Defendant

Rogelio Barajas' Sentencing Position Paper to Assistant United States Attorney, Benjamin

Langner, and United States Probation Officer, Kelly A. Rice, VIA ELECTRONICALLY

FILING on this 31st day of January, 2011.


                    /Robert L. Rascia/January 31, 2011
                    **ROBERT L. RASCIA, ARDC No. 6184470**
                    Attorney for the Defendant
                    Rascia & DeCastro, Ltd.
                    650 N. Dearborn St. Suite/700
                    Chicago, IL 60654
                    312-994-9100 Office
                    312-994-9105 Fax
                    rrascia@rascia-decastro.com; Email
                    ysierra@rascia-decastro.com; Secondary Email